IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHERIE L. BLACKMORE

    Plaintiff,

vs.                                 CASE NO. 1:10cv561-KS-MTP

VAUGHN & BOWDEN, P.A.

    Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This is a lawsuit to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

Plaintiff Cherie L. Blackmore ("Blackmore") filed suit against her former employer, Vaughn & Bowden, P.A. ("V&B") on December 10, 2010. Doc. 1[1]. Blackmore seeks summary judgment with regard to the "exempt employee" and "comp time" defenses asserted by V&B (which V&B contends insulate it from liability in this lawsuit). Doc. 4, p. 2. In support of her motion, Plaintiff states:

### II. ITEMIZATION OF UNDISPUTED MATERIAL FACTS

***Blackmore's employment with V&B***

---

[1] References to documents which have been previously filed and docketed with the Court are indicated by "Doc. [number], p. [number]."

STEPHEN A. BRANDON
ATTORNEY AT LAW
2648 RIDGEWOOD ROAD, SUITE B
JACKSON, MISSISSIPPI 39216
(601) 714-2771

1. Blackmore was employed as a paralegal by V&B during the period contemplated by her complaint, *viz.*, 2007-2009. Blackmore Aff., ¶4.[2]

2. Blackmore's employment with V&B was terminated on December 31, 2009. Blackmore Aff., ¶5; Ex. 2 (Def. Resp. Int. 12).

3. Blackmore reported to Tom Vaughn ("Mr. Vaughn"), an attorney with V&B who also serves as that firm's managing partner. Blackmore Aff., ¶4; Ex. 2 (Def. Resp. Int. 19).

4. Blackmore was a salaried employee. Blackmore Aff., ¶4; Ex. 2 (Def. Resp. Int. 13).

5. Blackmore's annual salary was $45,800 (in 2007); $50,000 (in 2008); and $50,000 (in 2009). Blackmore Aff., ¶ 5; Ex. 2 (Def. Resp. Int. 12,13).

6. The attorneys at V&B determined the pay of their staff. Vaughn at 21:20-25, 22:1-6.[3] Mr. Vaughn determined Blackmore's compensation. Blackmore Aff. (Def. Resp. Int. 20).

7. While employed by V&B, Blackmore was expected to work up to 40 hours per week. Vaughn at 28:1-3.

8. V&B contends that it classified Blackmore as an "exempt" employee who was not eligible for overtime pay. Doc. 4, p. 2.. Instead, V&B contends that it awarded "comp time" to its "exempt" employees in lieu of overtime pay. Doc. 4, p. 2; Ex. 2 (Def. Resp. Int. 14); Vaughn at 18:16-25, 19:1-8, 13-16.

---

[2] References to specific passages of Blackmore's affidavit throughout this memorandum are identified as "Blackmore Aff., ¶ __. " Blackmore's affidavit has been separately filed with the Court as Blackmore Aff. to "Plaintiffs Evidentiary Submissions in Support of Plaintiff's Motion for Partial Summary Judgment."

[3] References to passages of testimony from deposition transcripts are indicated by the witness' name and the page and line upon which the testimony is found, e.g., "Vaughn at [page]:[line]."

9. V&B did not maintain a time clock for its employees. The firm did not require Blackmore to create contemporaneous time records which reflected the number of all hours that Blackmore actually worked for the firm. Blackmore Aff., ¶11.

10. Blackmore's primary duties as a paralegal employed by V&B included drafting pleadings, discovery requests and letters to clients, performing legal research, preparing trial material, and routine non-lawyer dealing with clients and witnesses. Blackmore Aff., ¶6.

11. As a paralegal employed by Vaughn & Bowden, P.A., Blackmore's job required her to perform work that was routine, and which was assigned to her and supervised by one of the firm's lawyers. Blackmore Aff., ¶6.

12. Blackmore's duties as a paralegal were not management-oriented. Blackmore never regularly directed the work of two or more employees, and she did not have the authority to hire or fire other employees, or to make suggestions regarding the hiring and firing of other employees. Blackmore's primary duties did not consist of office or non-manual work directly related to the management or general business operations of V&B in which she used discretion and independent judgment with respect to matters of significance, consequence, or importance to her employer's business operations. Blackmore Aff., ¶7.

13. While Blackmore was employed by V&B, she did not perform work which directly related to assisting with the running or servicing of the business. Blackmore did not have the authority to formulate, affect, interpret, or implement management policies or operating practices for the firm; she did not carry out major assignments for the purposes of conducting the operations of the firm's business; she did not perform work

that involved the operation of the business; she did not have the authority to commit the firm in matters that had a significant financial impact; she did not have the authority to negotiate contracts or agreements upon the behalf of the firm, or to bind the firm with regard to matters of significance; she was not involved in planning significant long- or short-term business objectives; and she did not investigate and resolve matters of significance on the behalf of management. Plf. Aff., ¶8.

14. Blackmore's primary duties did not involve the performance of work directly related to the management or general business operations of any of V&B's clients. Plf. Aff., ¶9.

15. Blackmore's primary duties as a paralegal did not require advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized instruction or requires invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor. Plf. Aff., ¶10.

16. The firm's operations and personnel functions were primarily administered by Mr. Vaughn's wife, Deb Vaughn ("Mrs. Vaughn"), who served as the firm's business manager. Plf. Aff., ¶8; Vaughn at 21:2-23.

17. Vaughn does not determine the compensation for V&B's non-lawyer staff; rather, V&B's attorneys determine the compensation for V&B's non-lawyer staff. Vaughn at 21:20-25, 22:1-6.

18. Blackmore was not paid overtime wages for any overtime hours. Blackmore Aff., ¶ 13.

19. V&B has asserted the affirmative defense that Blackmore was an employee who was exempt from the overtime provisions of the FLSA, and that accordingly it is not liable to Blackmore for overtime wages. Doc. 4, p. 2.

20. V&B has asserted the affirmative defense that it had a compensatory time ("comp time") policy that created a lawful substitute for paying overtime wages to Blackmore, and that it is not liable to Blackmore for overtime wages because of the existence of its "comp time" policy. Doc. 4, p.2. If a V&B employee was required to work overtime, V&B contends that the employee was given "comp time" at 1-1/2 hour for every hour of overtime within the same pay period. Ex. 2 (Def. Resp. Int. 14); Vaughn at 18:24-25, 19:1-8. This policy applied to all employees. Vaughn at 19:13-16.

21. No "comp time" was awarded to Blackmore during the years 2007, 2008, or 2009. Vaughn at 19:17-25, 20:1.

### *Summary judgment*

22. A party may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

23. Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas*

*Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

24. When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Ragas, 136 F.3d at 458.

25. Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. See *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

26. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### *The FLSA*

27. The FLSA specifies that overtime compensation is to be paid at a rate not less than one and one-half times the employee's regular rate of pay. 29 U.S.C. § 207(a).

28. Specifically, the FLSA requires an employer to pay overtime compensation to a non-exempt employee who works more than forty hours in a regular workweek. 29 U.S.C. § 207(a)(1). This overtime requirement, however, does not apply to employees who fall within one of the exemptions set forth in the Act.

29. An employer who violates the FLSA is liable to the employee in the amount of her unpaid overtime compensation. 29 U.S.C. § 216(b).

30. Each failure by an employer to properly pay overtime for hours worked in excess of forty in a work week represents a new violation of the FLSA. *See Knight v. City of Columbus*, 19 F.3d 579, 581 (11th Cir. 1994) ("[e]ach failure to pay overtime constitutes a new violation of the FLSA."). The statute of limitations for actions under the FLSA is extended to three years for "willful" violations. See 29 U.S.C. § 255(a).

31. Employers subject to the FLSA are required to make and keep records of their employees' wages and hours. 29 U.S.C. § 211(c).

32. In this case, the evidence of Blackmore's overtime hours consists of V&B's records and Plaintiff's affidavit testimony.

### *Comp time*

33. An employer may not credit employees with "comp. time" in lieu of such payment, unless the employer is a public agency which is a state, a political subdivision of a state, or an interstate governmental agency. 29 U.S.C. § 207(o). *See also Mills v. Unisource Worldwide*, 2005 WL 578167, *5 (W.D. N.Y.).

### *Exempt employees*

34. There are three categories of exempt employees: executive, administrative, and professional. 29 U.S.C. § 213(a)(1).

35. The defendant employer bears the burden of proving an exemption is applicable which excuses the employer from paying overtime wages. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006).

36. Although the decision whether an employee is exempt from the FLSA's overtime compensation requirements is primarily a question of fact, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330-31 (5th Cir. 2000).

37. An employee satisfies the duties component of the executive exemption if the employee has a primary duty that is management focused, customarily and regularly directs the work of two or more employees, and has the authority to hire or fire other employees, or make suggestions regarding the hiring and firing of other employees. 29 C.F.R. § 541.100.

38. An employee satisfies the duties component of the administrative exemption if the employee's primary duty consists of office or non-manual work directly related to the management or general business operations of the employer or the

employer's customers, and includes the use of discretion and independent judgment with respect to matters that are important to the employer's business. 29 C.F.R. § 541.200.

39. An employee meets the duties component of the professional exemption when the employee has a primary duty involving work that requires advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized instruction (learned professional exemption) or requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor. 29 C.F.R. § 541.300(a). The regulation notes that work which requires advanced knowledge is chiefly intellectual in character and traditionally exists in professions such as law, medicine, accounting, engineering and "similar occupations that have a recognized professional status." 29 C.F.R. § 541.301.

40. In July 2011, Title 29 ("Labor") of the Code of Federal Regulations was amended to include the following provision:

> (7) Paralegals. <u>Paralegals and legal assistants generally do not qualify as exempt learned professionals</u> because an advanced specialized academic degree is not a standard prerequisite for entry into the field. Although many paralegals possess general four-year advanced degrees, most specialized paralegal programs are two-year associate degree programs from a community college or equivalent institution. However, the learned professional exemption is available for paralegals who possess advanced specialized degrees in other professional fields and apply advanced knowledge in that field in the performance of their duties. For example, if a law firm hires an engineer as a paralegal to provide expert advice on product liability cases or to assist on patent matters, that engineer would qualify for exemption.

(Emphasis added.) This exemption is the only white-collar exemption that expressly addresses the exempt status of legal assistants. 29 C.F.R. § 541.301(e)(7).

41. "It has long been the position of the Wage and Hour Division [of the U.S. Department of Labor] that […] paralegal employees" are not exempt employees. Wage

& Hour Op., FLSA2006-27, p. 4; *see also* Wage & Hour Op., FLSA2005-9 (Jan. 7, 2005), Wage & Hour Op., FLSA2006-27 (July 24, 2006), Wage & Hour Op., FLSA 2005-54 (December 16, 2005), Wage & Hour Op., August 17, 1979; Wage & Hour Op., September 27, 1979; Wage & Hour Op., June 12, 1984; Wage & Hour Op., April 13, 1995; Wage & Hour Op., February 19, 1998; Wage & Hour Op., 1998 WL 852667 (Mar. 20, 1998).

42.     In the Fifth Circuit, opinion letters issued by the DOL are of "persuasive value" when considered by courts to make decisions. *Gagnon v. United Technisource, Inc.*, 607 F. 3d 1036, 1041, n. 6 (5th Cir. 2010). Indeed, the U.S. Supreme Court has recognized that DOL opinions constitute a body of experience and informed judgment to which courts and litigants may properly turn for guidance. *MDPhysicians & Associates, Inc. v. State Board Of Insurance*, 957 F. 2d 178, 185 (5th Cir. 1992) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944) ("[T]He rulings, interpretations and opinions of the [Agency], while not controlling Upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.").

### III.  ARGUMENT

#### *V&B's "exempt employee" defense*

43.     Blackmore was not an exempt employee under the executive exemptions because Blackmore's primary duty as a paralegal was not management focused, she never regularly directed the work of two or more employees, and she did not have the authority to hire or fire other employees, or make suggestions regarding the hiring and firing of other employees.

44. Blackmore was not an exempt employee under the administrative exemption because her primary duty as a paralegal did not consist of office or non-manual work directly related to the management or general business operations of the employer in which she used discretion and independent judgment with respect to matters that were important to the employer's business operations.

45. Blackmore was not an exempt employee under the professional exemption because her primary duty as a paralegal did not require advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized instruction or requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

46. This is not unplowed ground. By undersigned counsel's count, the DOL issued at least *ten* opinion letters in the years immediately preceding the period of time contemplated by Blackmore's complaint in which the DOL opined that paralegals generally are not exempt from the overtime wages requirement. In other words, it's no secret that the DOL has repeatedly opined that paralegals generally are not exempt from the overtime wages requirement.

### *V&B's "comp time" defense*

47. Under the FLSA, compensatory time is allowed for governmental-entity employees. 29 U.S.C. § 207(o)(compensatory time). Nothing in section 207(o) allows for compensatory time in the private sector. Since the regulatory standard does not permit the use of comp time in the private sector, V&G's comp time defense is without foundation in law.

48.     While the Department of Labor does allow the use of so-called "time-off plans" in the private sector, V&G did not plead a "time-off plan" affirmative defense. Moreover, there is no evidence that V&G had a regulatory-compliant time-off plan in place.

49.     "Time off" involves leave taken during the same pay period. "Time-off plans" are allowed only where the employee is provided with time off at time and one-half for all hours over forty worked in a week, and the employee must take the compensatory time off during the same pay period in which it was accrued. *See Dunlop v. New Jersey*, 522 F.2d 504 (3d Cir. 1975), vacated on other grounds, 427 U.S. 909 (1976); Wage Hour Opinion No. 913 (December 27, 1968) (employer may not credit an employee with compensatory time even at time and one-half rate if taken subsequent to the pay period in which the overtime is earned).

50.     There is no evidence that Blackmore received time off in consideration of overtime hours worked.  Thus, to the extent that the comp time defense might be construed as a time-off plan defense, the defense would be without foundation in law <u>and</u> fact.

## IV.  CONCLUSION AND RELIEF REQUESTED

Blackmore is entitled to a judgment as a matter of law with regard to the "exempt employee" and "comp time" defenses asserted by V&G.  There are no genuine issues of material fact with regard to Blackmore's status as a non-exempt employee.  Because she was not exempt from the FLSA's overtime provisions, V&G was not (and is not) excused from paying her overtime wages. Additionally, "comp time" is not allowed in the private sector.    Summary disposition of these defenses pursuant to Rule 56(a) will

narrow the issues for trial to the number of hours of overtime worked by Blackmore, whether the employer is guilty of willful or reckless violations of the FLSA, and whether the employer misrepresented Blackmore being exempt from the overtime pay requirements of the FLSA.

RESPECTFULLY SUBMITTED on this date, April 2, 2012.

/s/ Steve Brandon
Stephen A. Brandon (MB #8655)
**COUNSEL FOR PLAINTIFF,**
**CHERIE L. BLACKMORE**
Stephen A. Brandon
2648 Ridgewood Road, Suite B
Jackson, Mississippi 39232
(601) 714-2771
*steve@stevebrandonlaw.com*

**CERTIFICATE OF SERVICE**

I, STEPHEN A. BRANDON, hereby certify that I have this day served upon all counsel of record a copy of the foregoing document, consistent with the Federal Rules of Civil Procedure, to wit:

Joe Sam Owen, Esq.
Owen, Galloway & Myers, PLLC
1414 25th Avenue (39501)
P.O. Drawer 420
Gulfport, Mississippi 39502-0240
*Email: jso@owen-galloway.com*

Thomas E. Vaughn, Esq.
Vaughn & Bowden PA
2510 14th St Ste 912
Gulfport, MS 39501-1947
*E-mail: tvaughn@vaughnbowden.com*

Benjamin U. Bowden, Esq.
Vaughn & Bowden PA
2510 14th St Ste 912
Gulfport, MS 39501-1947
*E-mail: bowden@vaughnbowden.com*

DONE ON THIS DATE:  April 2, 2012.

/s/ Steve Brandon
Stephen A. Brandon