IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHERIE L. BLACKMORE                                                                PLAINTIFF

VERSUS                                             CIVIL ACTION NO. 1:10-CV-561-KS-MTP

VAUGHN & BOWDEN, PA                                                              DEFENDANT

**DEFENDANT VAUGHN & BOWDEN, PA'S
MEMORANDUM BRIEF IN OPPOSITION TO
THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Vaughn, Bowden & Wooten[1] complied in all respects with the Federal Labor Standards Act.  From its creation in 2006 through the time of the termination of Plaintiff Blackmore on December 31, 2009, VBW had in place a known plan or policy of affording comp time during the same pay period at the rate of 1½ hours for every hour worked over 8 hours on any given day[2].

This policy or plan was well known by the Plaintiff, Cherie L. Blackmore f/k/a Cherie L. Brott[3].  In fact, on the one occasion of which the Defendant is aware that the Plaintiff worked overtime, Blackmore, in fact, prepared and submitted a comp time request[4].

The Plaintiff concedes that she was given comp time at the rate of 1½ hours in response to her overtime request submitted on April 4, 2006.  (*Id.* at Exhibit 4).  On this

---

[1] At the pertinent time the Plaintiff was employed with the law firm, the firm name was Vaughn, Bowden & Wooten.  For simplicity and accuracy, the firm will be referred to as Vaughn, Bowden & Wooten and abbreviated as "VBW".

[2] *See* VBW's Answers to Interrogatories and Request for Production of Documents, Exhibit "2" to Plaintiff's Motion for Partial Summary Judgment (Response to Interrogatory No. 14).

[3] In October 2009, the Plaintiff married and became Cherie Blackmore.  However, most of the documentation involved in this case will refer to Cherie L. Brott as she was known prior to October 2009.

[4] VBW Depo. Exhibit "1" to Defendant's Response, Exhibit "2" to Response to Motion.

occasion, Plaintiff Blackmore requested 6.2 hours overtime that she incurred traveling to file Petitions for Removal and was afforded 1½ hours for each overtime hour reported within the same time period in keeping with the firm policy.

While Blackmore, in her deposition testimony, acknowledges that she executed the request for comp time in April 2006, she attempts to explain that the form was not what it purports to be. [5] She contends that this form was prepared and submitted as a gift given to her by Debra Vaughn. Blackmore testified that Debra Vaughn instructed her to fill out the form in that fashion since she had worked so hard[6].

However, this conversation between Debra Vaughn and Blackmore could not have taken place as Blackmore testified, since on April 4, 2006, the firm's office administrator was Heather Mabry and not Debra Vaughn. Debra Vaughn was not hired until after that date and did not assume the business manager duties until after May 16, 2006[7]. Accordingly, this story by Blackmore is not supported by the facts.

Moreover, the form submitted by Blackmore for the overtime request cites a very specific purpose for the overtime as "removals." The request refers to a day when Blackmore actually was involved in state court removals to federal court, which could not be concluded within the eight (8) hour day. Thus, this form prepared in the Plaintiff's own handwriting contradicts her own sworn testimony. Further, since Debra Vaughn was not employed as the Business Manager until after that time, clearly Blackmore's testimony of the purported gift from Debra Vaughn is simply untrue.

---

5  Blackmore Depo. at 99-102, Exhibit "1" to Defendant's Response to Motion.
6  *See* Blackmore Depo. at 99-102, Exhibit "1" to Defendant's Response to Motion.
7  Debra Vaughn Affidavit, Exhibit "3" to Defendant's Response to Motion.

As an alternative grounds for its Summary Judgment, Plaintiff Blackmore argues that VBW did not plead its "time-off" plan as an affirmative defense. *See* Blackmore Brief at 12. While VBW would submit that it was not required to affirmatively plead a "time-off" plan, VBW would point out that, in fact, it did plead this plan as a defense. Under the Second Defense of the Defendant's Answer, the Defendant specifically pleads:

> Further, the Defendant at all pertinent times had a published and recognized overtime program which required written affirmative notice on the part of any employee who believed that he/she worked overtime requiring same to be requested in advance and arrangements made for comp time being provided within the same pay period. The Plaintiff was aware of the stated policy of the employer precluding any overtime in the absence of a specific request in writing by the employee, including the Plaintiff herein, and at all times when the Plaintiff requested in writing comp time for overtime hours, she was approved in keeping with the employer's stated, written policy.[8]

Plaintiff Blackmore concedes that the comp time plan or program that VBW had in place, as described in its second defense, complies with the requirements of the FLSA. *See* Plaintiff's Brief at 12, citing *Dunlop v. New Jersey,* 522 F.2d 504 (3rd Cir. 1975), vacated on other grounds, 427 U.S. 909 (1976). In *Dunlop*, the Court, citing administrative interpretations and regulations of the Wage and Hour Division of the Department of Labor, observed that a policy whereby the employer afforded comp time at the rate of not less than 1½ times the regular rate during the same pay period, is in keeping with the act. 522 F.2d 504, 509. On the lone occasion that Blackmore submitted an overtime request form, April 4, 2006, she admits that she was provided

---

[8] *See* Defendant's Answer [Doc. 4], Second Defense.

comp time at the rate of 1½ hours for every hour over 8 that she worked. She ultimately admitted that she was aware of and understood the procedure in regard to overtime.[9]

The Plaintiff correctly observes that VBW did not require staff members to provide a weekly or bi-monthly statement of the hours they worked each day. In lieu of such a requirement, VBW required every employee who worked outside his or her work schedule to file a comp time request form in order to be afforded appropriate comp time under the FLSA guidelines, as referenced above. This is particularly significant given that Blackmore now contends that throughout 2009, any overtime that she purportedly worked was done off premises and without the knowledge of the employer. *Id.* at 97, 99. Thus, this form was critical to advise the employer that the alleged overtime work was actually being performed, to enable the employer to either "discourage" the overtime work or "compensate" Blackmore for it.

In support of her Motion for Partial Summary Judgment, Blackmore asserts that VBW did not maintain time records, such as a time clock, and therefore did not keep sufficient records to determine the work schedule of its employees, including the Plaintiff. In regard to timekeeping records, the Department of Labor has ruled that employers may use "any timekeeping method they choose" provided the method is "complete and accurate."[10] Each employee's 38.75 hour per week schedule was established and recorded. Blackmore's schedule was 8:15 a.m. to 5:15 p.m., Monday through Thursday, and 8:15 p.m. to 4:00 p.m. on Friday. In lieu of requiring its

---

9  Blackmore Depo. at 102.
10  *See* Record Keeping Requirements under the Fair Labor Standards Act, Wage and Hour Division Fact Sheet Number 21 (Rev. July 2008).

employees, including Blackmore, from having to go through the necessary paperwork of confirming that they were, in fact, present every hour during their work schedule, it was the policy of VBW to afford professionalism to its staff members and allow them to be present on an honor system.  The failure of any employee, on any given pay period, to submit an overtime work request form was confirmation that the employee was there no more than the 38.75 hours for which they were regularly scheduled.

The requirement that the VBW employees, including Blackmore, use the overtime request form was critical to advise the employer that the employee was working outside his or her agreed upon work schedule.  In the absence of Blackmore advising the employer that she was working overtime by submitting the overtime request form, the employer would have no knowledge of any such overtime.  It is the law in this circuit that, if the employer does not have knowledge of the uncompensated overtime and the employee fails to submit any work schedule forms that indicate overtime occurred, the employer is not in violation of the FLSA and the employee is unable to recover.  *Harville v. Westward Comm., LLC,* 433 F.3d 428, 444 (5th Cir. 2005); *Bailey v. County of Georgetown,* 94 F.3d 151, 157 (4th Cir. 1996).

For the purposes of the Plaintiff's Motion for Partial Summary Judgment, VBW contends that it had a well-known policy and procedure in place to address overtime that was in keeping with the FLSA and that Plaintiff Blackmore, was, by her own deposition testimony, aware of the procedure and had submitted a form under that procedure in April 2006.  Given that the Plaintiff concedes that the plan that VBW contends was in place was in compliance with the FLSA, there is, at least, a factual issue whether that plan was, in fact, in place.  Moreover, there is substantial undisputed

evidence from which a jury could determine the plan was in place, and that the Plaintiff was aware of it. Accordingly, this Court should deny the Plaintiff's Partial Summary Judgment on this issue.

### Paralegals May Be Exempt From The Provisions Of The FLSA Under Certain Circumstances. 29 CFR 541.301(e)(7).

In order to qualify under the "learned professional" exemption, it is necessary to establish that the employee performs work requiring advanced knowledge involving the exercise of discretion and judgment as distinguished from performance of routine mental, manual, mechanical or physical work.[11] Inappropriately, the Department of Labor often combines the positions of paralegals and legal assistants interchangeably. *Id*. The Department of Labor has observed, the term "paralegal" has been applied to a wide range of personnel working within the legal profession, many of which do not require a four (4) year advanced degree and do not engage in independent work, or require advanced specialized training. *Id.* Clearly, paralegals who possess a two (2) year associate's degree from a community college or its equivalent should not be exempt.

However, the Department of Labor does recognize that a paralegal who possesses advanced training, a four (4) year advanced degree and who specializes in a certain field falls within the professional exemption. *Id.* Plaintiff Blackmore possesses a four year undergraduate degree from the University of Southern Mississippi in a double major, paralegal studies and psychology.[12] In addition, she has a master's degree in

---

11  29 CFR 541.301(b).
12  Blackmore deposition at 7, Exhibit "1" to Defendant's Response to Motion.

public relations. *Id.* Further, her work was essentially exclusive in the mass tort unit of VBW where she was the senior paralegal and responsible for organizing and directing tasks of other paralegals.

While VBW concedes that many paralegals should not fall within the professional exemption, a paralegal that has attained a four year degree in paralegal studies together with advanced training or one who works in a specialized field where she controls her own schedule and activities should be exempt under the learned professional exemption. Certainly, there are sufficient factual disputes in this case in regard to this and the issue should be presented to a trier of fact.

## **Conclusion**

The Court should deny the Plaintiff's Motion for Partial Summary Judgment in regard to the overtime plan in place by VBW as there are clearly disputed facts concerning what plan was in place and whether it applied to the Plaintiff. Additionally, the Court should deny the Partial Summary Judgment on the exemption status of the Plaintiff as there are also disputed facts in regard to that issue.

RESPECTFULLY SUBMITTED, this the 16th day of April, 2012.

                                                VAUGHN & BOWDEN, PA, Defendant

                              By:    VAUGHN & BOWDEN, PA
                                      Its Attorneys

                              By:    *s/Thomas E. Vaughn*
                                      Thomas E. Vaughn
                                      Miss. Bar No. 6606

Thomas E. Vaughn, Esquire
Vaughn & Bowden, PA
2500 14th Street, Suite 800 (39501)
P.O. Drawer 240
Gulfport, MS 39502-0240
Telephone: (228) 863-5656
Telecopier: (228) 863-6509
Email: tvaughn@vaughnbowden.com

Joe Sam Owen, Esquire
Owen, Galloway & Myers, PLLC
P.O. Drawer 420
Gulfport, MS 39502-0420
Telephone: (228) 868-2821
Telecopier: (228) 864-6421
Email: jso@owen-galloway.com
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send such notification of such filing to all participants registered electronically, and I hereby certify that I have mailed by United States Postal Service the document to all non-ECF participants.

SO CERTIFIED, this the 16th day of April, 2012.

/s/ Thomas E. Vaughn
Thomas E. Vaughn